# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| METROPOLITAN ST. LOUIS SEWER DISTRICT<br><br>Plaintiff,<br><br>vs.<br><br>U.S. ENVIRONMENTAL PROTECTION AGENCY,<br>1200 Pennsylvania Avenue NW<br>Washington, DC 20460<br><br>Defendant. | Civil Action No. _____<br><br><br>**COMPLAINT** |

Plaintiff, the Metropolitan St. Louis Sewer District ("MSD") alleges:

## **PRELIMINARY STATEMENT**

1. This action is brought under the Freedom of Information Act ("FOIA"), 5 U.S.C. §§ 552 *et seq.*, as amended, in order to compel the Defendant United States Environmental Protection Agency ("EPA") to disclose documents it has wrongfully withheld after multiple FOIA requests and subsequent appeals from Metropolitan St. Louis Sewer District, by and through its counsel, Shook, Hardy & Bacon, L.L.P. ("MSD").

2. MSD's FOIA requests sought documents relating to EPA's October 29, 2009, water quality standards determination under the Federal Water Pollution Control Act, 33 U.S.C. §§ 1251 *et seq.* ("Clean Water Act"), for a 28.6-mile segment of the Mississippi River in the area of the City of St. Louis, Missouri. (MSD March 11, 2010, FOIA Request, Ex. A).

3. EPA's responses to MSD's appeals failed to provide all of the requested documents, were based on an insufficient search for responsive documents, and erroneously and unlawfully claimed certain documents were privileged under the deliberative process exception.

4. EPA's conduct is arbitrary and capricious and amounts to a flat denial of MSD's FOIA request.

## JURISDICTION

5. This Court has jurisdiction over the action based on 5 U.S.C. § 552 (a)(4)(B) and 28 U.S.C. § 1331.

6. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.* and 5 U.S.C. § 552 (a)(4)(B).

7. The Court has the authority to award costs and attorneys' fees under 5 U.S.C. § 552 (a)(4)(E).

8. Venue is proper in this Court pursuant to 5 U.S.C. § 552 (a)(4)(B) and 28 U.S.C. § 1391(e)(3).

## PARTIES

9. MSD is a political subdivision of the State of Missouri, duly authorized and existing pursuant to the adoption of a charter plan under the provisions of Article VI, Section 30(a) and 30(b) of the Constitution of the State of Missouri ("Charter Plan"). MSD's Charter Plan grants MSD jurisdiction and control over public wastewater collection and treatment and stormwater management systems throughout the City of St. Louis and 90 percent of St. Louis County. With over 6,600 miles of wastewater sewer line, MSD manages the fourth-largest wastewater collection and treatment system in the United States.

10. EPA is an agency of the United States.

## FACTUAL BACKGROUND

11. On March 11, 2010, MSD filed a FOIA request with EPA Headquarters, EPA Region V, and EPA Region VII (Request Nos. HQ-FOI-00877-10, 05-FOI-00726-10, 07-FOI-

002222-10). (MSD March 11, 2010, FOIA Request, Ex. A).

12. These requests were subsequently consolidated by EPA and EPA responded to MSD's FOIA requests on June 10, 2010, producing some documents, a 74-page index of documents, and claiming that the vast majority of responsive documents were protected under the deliberative process privilege. (June 10, 2010, EPA FOIA Response, Ex. B).

13. Subsequently, MSD filed an appeal on July 9, 2010, alleging that EPA did not perform a thorough search and erroneously applied the deliberative process privilege to the vast majority of responsive documents. (July 9, 2010, MSD FOIA Appeal, Ex. C). In this appeal, MSD identified and produced documents which EPA claimed were protected by the deliberative process privilege but were clearly not protected. (MSD FOIA Appeal Exemplar Documents, Ex. D).

14. On July 19, 2010, EPA sent MSD a letter that included additional "releasable records" (most of which were duplicative of the first response), and referenced the inclusion of another "Index of Documents Withheld," however, the referenced index was not attached. (July 19, 2010, EPA FOIA Response, Ex. E). After MSD advised EPA that the index referenced had not been provided with the July 19, 2010 letter, EPA provided a 79-page index of documents via e-mail on July 27, 2010. EPA again claimed the deliberative process privilege applied to the vast majority of responsive documents identified in this new index. (July 27, 2010, EPA E-mail and Index of Documents Withheld, Ex. F).

15. On August 18, 2010, MSD appealed EPA's July 19, 2010, response claiming that EPA did not perform a thorough and lawful search and erroneously applied the deliberative process privilege to the vast majority of responsive documents. (August 18, 2010, MSD FOIA Appeal, Ex. G).

16. EPA has not responded to MSD's August 18, 2010 appeal at the time of filing of this complaint other than to acknowledge receipt of the appeal in the Office of General Counsel. (August 25, 2010, EPA letter, Ex. H).

## LEGAL BACKGROUND

17. FOIA provides that EPA or any other agency upon request "shall make [] records promptly available to any person." 5 U.S.C. § 552(a)(3)(A).

18. Upon receiving such request EPA or any other agency "shall ... determine within twenty days ... whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons thereof, and of the right of such person to appeal to the head of the agency any adverse decision." 5 U.S.C. § 552(a)(6)(A)(i).

19. "In denying a request for records ... an agency shall make a reasonable effort to estimate the volume of any requested matter the provision of which is denied, and shall provide any such estimate to the person making the request ..." 5 U.S.C. § 552(a)(6)(F).

20. If any agency denies a claim or fails to act on a request, the person requesting the records can make an appeal which must be decided within twenty days after the receipt of the appeal. 5 U.S.C. § 552(a)(6)(A)(ii).

21. If the agency fails to comply within the applicable time limit provisions, the entity making the request to the agency will be deemed to have exhausted its administrative remedies. 5 U.S.C. § 552(a)(6)(C)(i).

22. A federal district court reviews the agency's action *de novo* and the burden is on the agency to sustain its action. 5 U.S.C. § 552(a)(4)(B).

23. The deliberative process privilege is not a blanket exemption. Instead, the deliberative process privilege exempts from disclosure "interagency or intra-agency

memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5).

24. In order to fall under the deliberative process privilege, a document must be both predecisional and deliberative. *Missouri Coalition for Environment Foundation v. U.S. Army Corps of Engineers*, 542 F.3d 1204, 1211 (8th Cir. 2008).

25. In order to determine whether a document is predecisional, the court will consider whether the agency can "pinpoint the specific agency decision to which the document correlates and verify that the document precedes ... the decision to which it relates." *Fox News Network, LLC v. U.S. Dept. of the Treasury*, 678 F. Supp. 2d 162, 167 (S.D.N.Y. 2009).

26. If an agency does not clearly identify the authors and recipients "it becomes difficult, if not impossible, to perceive how the disclosure of the documents would result in a chilling effect upon the open and frank exchange of opinions within the agency." *Ethyl Corp. v. EPA*, 25 F.3d 1241, 1250 (4th Cir. 1994).

27. The agency must "actually identify and explain the role that a given document has played in the decision[-]making process." *Fox News*, 678 F. Supp. 2d at 168.

<u>**Count I: Violation of the Freedom of Information Act –**</u>
<u>**Failure to Provide Responsive Document**</u>

28. MSD repeats and realleges the allegations in paragraphs 1 through 27.

29. MSD made a clear and adequate request pursuant to 5 U.S.C. § 552(a)(3)(A) and EPA's published rules.

30. EPA responded to this request and argued that the majority of the requested records were protected under the deliberative process exemption.

31. On information and belief, some and possibly the majority of the records requested by MSD are not protected by the deliberative process privilege.

5

32.	EPA's failure to provide responsive documents, perform a thorough search, and its erroneous and unlawful application of the deliberative process privilege constitute violations of FOIA, 5 U.S.C. §§ 552 *et seq.*

### Count II: Violation of the Administrative Procedure Act – Arbitrary and Capricious Behavior

33.	MSD repeats and realleges the allegations in paragraphs 1 through 32.

34.	EPA's failure to disclose responsive documents, perform a thorough search, and its erroneous and unlawful application of the deliberative process privilege was arbitrary and capricious in violation of the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*

### RELIEF REQUESTED

THEREFORE, MSD respectfully request and prays that this Court:

1.	Enter an Order declaring that EPA has wrongfully withheld requested agency records;

2.	Issue an injunction directing EPA to disclose to MSD all wrongfully withheld documents;

3.  Award MSD its attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

4.  Grant such additional relief that MSD may be entitled to.

Respectfully submitted,

Dated: November 5, 2010

SHOOK, HARDY & BACON L.L.P.

By: _____
Terry J. Satterlee Mo. Bar #550047
Thomas J. Grever Mo. Bar #53487
2555 Grand Boulevard
Kansas City, Missouri 64108-2613
Telephone: (816) 474-6550
Facsimile: (816) 421-5547
tsatterlee@shb.com
tgrever@shb.com
*Attorneys for Plaintiff Metropolitan
St. Louis Sewer District*